IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

OPINION AND ORDER

05-cr-27-bbc

v.

ROBERT L. DENTON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Robert L. Denton has filed a motion that he titles as a Motion for Correction of Sentence under 18 U.S.C. § 3582(c)(2). He is asking for resentencing on two grounds. First, he says that his court-appointed counsel was constitutionally ineffective because he did not tell defendant that the court could take defendant's relevant conduct into consideration in sentencing. Second, he says that he was given a mandatory minimum sentence based on his distribution of more than 50 grams of crack cocaine, which he contends was illegal under Alleyne v. United States, 133 S. Ct. 2151 (2013), because the court, and not the jury, found the facts necessary to support the mandatory minimum sentence.

Section 3582(c)(2) does not authorize the correction of a sentence for any reason other than a retroactive change in the sentencing guidelines. Defendant's motion is not based on a change in the sentencing guidelines so it must be treated as a motion for post

conviction relief under 28 U.S.C. § 2255.

Section 2255 has a one-year period of limitations, which starts to run from the latest of four dates. The default date is the one on which the defendant's judgment of conviction became final; in defendant's case his judgment of conviction became final on August 6, 2005, ten days after the sentence was imposed on July 27, 2005. Defendant had one year from then in which to file a post conviction motion, but did not file one until he filed this one on August 12, 2013. The other date on which defendant might rely is the one set out in § 2255(f)(e), which allows a defendant to bring a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court." Until June of this year, when it decided Alleyne, the Supreme Court did not recognize the right on which defendant bases the second claim advanced in his motion: that under the Sixth Amendment, a defendant has a right to have the jury find beyond a reasonable right any fact that increases the proscribed range of penalties.

Defendant's motion may be timely because it was filed within one year of the Court's decision in Alleyne. The right on which he relies is a newly recognized one, but subsection (3) contains one more condition: the right must have been "made retroactively applicable to cases on collateral review." That determination remains to be made. It is clear, however, that it is too late for defendant to assert his claim that his lawyer provided him unconstitutional representation when he allegedly failed to explain "relevant conduct" and how that might affect defendant's sentence. That claim had to have been brought within one year of the day on which his sentence became final; since it was not, it is untimely. (In

his motion, defendant refers to an "appeal waiver" and their consequences for defendants, but I am ignoring this reference because defendant never waived his right to appeal and no such waiver was part of his plea agreement.)

I will allow the government to be heard on defendant's § 2255 motion as it relates to his claim that it was unconstitutional under the holding in Alleyne for the sentencing judge in his case to sentence him above the mandatory minimum sentence on the judge's own finding that defendant had made sales of 2.99 kilograms of crack cocaine.

ORDER

IT IS ORDERED that the government may have until September 9, 2013, in which to file a response to defendant's claim that his sentencing was unconstitutional under Alleyne because he was sentenced on the basis of a drug amount that was neither determined by a jury nor admitted by defendant at his plea hearing, as well as whether Alleyne should be made retroactively applicable to defendant's case and if so, whether the fact that defendant's sentence was determined by his status as a career offender affects the application of Alleyne to his case. Defendant may have until September 30, 2013 in which to file a reply brief.

Entered this 19th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge