IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                              OPINION AND ORDER

              Plaintiff,

                                                 13-cv-675-bbc
                                                 05-cr-27-bbc

     v.

ROBERT DENTON,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Robert Denton filed a motion for correction of his sentencing under 18 U.S.C. § 3582(c)(2) but did not base his motion on a retroactive change in the sentencing guidelines, which is the only ground on which a § 3582(c)(2) motion may be brought. Instead, he said that his counsel was constitutionally ineffective and that he was sentenced in violation of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). The first claim was denied in an order entered on August 19, 2013, because defendant had waited too long to challenge his trial counsel's representation of him. (He was sentenced in July 2005.) The second claim must be denied as well, both because the ruling in <u>Alleyne</u> does not apply retroactively to cases closed before <u>Alleyne</u> was decided and because defendant's sentencing would not be covered by the holding in <u>Alleyne</u> even if the case had retroactive effect.

       Defendant entered a plea of guilty to distributing more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). In 2005, distribution of five grams or more of

1

cocaine base was punishable by a sentence of no fewer than five years and no more than 40 years. By pleading guilty, defendant admitted to the distribution, giving up his right to have the jury decide the amount. Therefore, even if Alleyne had retroactive effect, it would not apply to him. In any event, Alleyne is not retroactive. It has no effect on sentences imposed before June 17, 2013. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

When the question in a post conviction motion is a close one, the rule allows a court to ask the parties to submit arguments on whether a certificate should issue. In this case, the question is not close. It is not a matter of debate that in defendant's case he entered a plea of guilty to distributing an amount of cocaine base that subjected him to the minimum mandatory sentence, which means that even if Alleyne had retroactive application, it would not apply to his case.

2

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that defendant Robert L. Denton's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for his failure to show that he is entitled to such relief. Further, it is ordered that no certificate of appealability shall issue.

Entered this 26th day of September, 2013.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge